UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NHOUPHINH M
XAYMONGKHONH,

    Plaintiff,

v.                                         Case No.:  8:22-cv-352-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# **OPINION AND ORDER**

Plaintiff Nhouphinh M. Xaymongkhonh seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.     Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.     Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

**B.     Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance on June 17, 2016, alleging disability beginning on March 24, 2016.[1] (Tr. 73, 202-203). The application was denied initially and on reconsideration. (Tr. 73, 82). Plaintiff requested a hearing, and on May 11, 2018 and November 5, 2018, hearings were held before Administrative Law Judge Lloyd E. Hubler, III. (Tr. 28-65). On February 8, 2019, ALJ Hubler entered a decision finding Plaintiff not under a disability from March 24, 2016, through the date of the decision. (Tr. 16-23). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request. (Tr. 2-6). Plaintiff appealed to the District Court. On February 17, 2021, the District Court reversed and remanded the case to the Commissioner. *See Xaymongkhonh v. Saul*, Case No. 8:19-cv-3056-Jung-CPT.

While that action was pending, Plaintiff filed another application for disability and disability insurance on November 8, 2019, and for supplemental security income on November 4, 2019, alleging disability beginning on February 9, 2019. (Tr. 801-815). On January 15, 2021, Administrative Law Judge Kurt G. Ehrman held a hearing. (Tr. 682). On January 27, 2021, ALJ Ehrman entered a decision finding

---

[1] In October 2018, Plaintiff attempted to amend the onset date to July 1, 2017. (Tr. 213). In the decision at issue, the ALJ accepted the amended alleged onset date of July 1, 2017. (Tr. 525).

Plaintiff had not been under a disability from February 9, 2019, through the date of the decision. (Tr. 682-92).

When the prior application was remanded to the Appeals Council by the District Court, the Appeals Council vacated the prior final decision and remanded the case to an administrative law judge for further proceedings consistent with the District Court's order. (Tr. 538). The Appeals Council noted that Plaintiff also filed subsequent claims for Title II and Title XVI disability benefits in November 2019, an administrative law judge issued an unfavorable decision on January 27, 2021, and Plaintiff requested a review of that decision. (Tr. 538). The Appeals Council granted review of the January 2021 decision, vacated it, and then remanded the June 2016 claim as well as the November 2019 claims. (Tr. 538). The Appeals Council directed the administrative law judge to consolidate the current and subsequent claim files, associate the evidence, and issue a new decision on the consolidated claims. (Tr. 538). The Appeals Council also directed the administrative law judge to apply the prior rules to the consolidated case pursuant to HALLEX 1-5-3-30. (Tr. 538).

On remand, the case was assigned to Administrative Law Judge Kurt G. Ehrman ("ALJ"), who held a hearing on September 28, 2021. (Tr. 569-591). On October 12, 2021, the ALJ entered a decision finding Plaintiff not under a disability from July 1, 2017, through the date of the decision. (Tr. 525-35). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on February 10, 2022, and the case is

ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021. (Tr. 527). At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity during the following period: July 2017 through October 2017. (Tr. 528). The ALJ also found that there had been a continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity, starting on October 15, 2017, and the decision addressed this period. (Tr. 528). At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus; rheumatoid arthritis; old lumbar fracture; cervical radiculopathy; obesity; hypertension; vitamin D deficiency; and hypothyroidism." (Tr. 528). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 528).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional

> capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except the claimant can occasionally lift 20 pounds and frequently lift and carry up to 10 pounds; can stand and/or walk six hours and sit for six hours with normal and customary breaks in an 8-hour workday; must avoid climbing ropes, scaffolds, and ladders; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; frequently reach, handle, and finger including overhead reaching bilaterally; and must avoid concentrated exposure to extreme cold and vibrations, and avoid even moderate exposure to industrial hazards.

(Tr. 529). At step four, the ALJ found Plaintiff was capable of performing her past relevant work as an expeditor and inspector. (Tr. 534). The ALJ also found that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 534). The ALJ concluded that Plaintiff had not been under a disability from July 1, 2017, through the date of the decision. (Tr. 535).

## II.   Analysis

On appeal, Plaintiff raises two issues. As stated by Plaintiff they are:

(1)   whether the ALJ erred in consideration of Dr. Torres's opinions; and

(2)   whether the ALJ erred in the determination of the RFC.

(Doc. 22, p. 3).

### A.   Arnaldo Torres, M.D.'s Opinions

Dr. Torres, Plaintiff's rheumatologist, began treating Plaintiff in 2013 and, according to the records, saw Plaintiff every two to three months through August 2021. (Tr. 373, 1563, 1569, 1652). Plaintiff argues that the ALJ's reasons for

affording little weight to Dr. Torres's opinions are not supported by substantial evidence. (Doc. 22, p. 6-36).

For disability cases filed before March 27, 2017[2] – such as this one – at step four, an ALJ must properly consider treating, examining, and non-examining physician's opinions and weigh these opinions and findings as an integral part of the ALJ's RFC determination. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Whenever a physician offers an opinion about the nature and severity of a claimant's impairments—including the claimant's symptoms, diagnosis, and prognosis; physical and mental restrictions; or what the claimant can still do—the ALJ must state with particularity the weight given to the opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart*, 662 F.2d at 735).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause

---

[2] For disability cases filed after March 27, 2017, new regulations apply and the ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. *See* 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a).

exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Even though examining doctors' opinions are not entitled to deference, an ALJ is still required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

In the decision, the ALJ briefly summarized Dr. Torres's opinions and assigned them little weight:

> The claimant's rheumatologist Arnaldo Torres, M.D. opined that the claimant is limited to less than sedentary work, is incapable of even low stress jobs, and would be absent from work more than four days a month due to her impairments. (Ex. 6F, 33F, 34F). The undersigned assigns little weight to this opinion because it provides for greater limitations than

>supported by the objective record evidence and is not consistent with Dr. Torres' treatment records indicating a normal spinal exam, decreased grip strength of only 4/5, and the claimant's own reports of improvement in her symptoms with medication. (Ex. 10F, 19F, 32F, 36F, 40F). In addition, the opinion is inconsistent with the objective findings in her January 2020 consultative exam noting again only slightly reduced grip of 3-4/5, 4/5 strength in all extremities, intact hand and finger dexterity, *and normal X-rays*. (Ex. 21F). Furthermore, the opinion does not address the claimant's noncompliance with treatment, vitamin D deficiency, which is documented in the record and the effect of her noncompliance on her ability to perform work activities.

(Tr. 534 (emphasis in original)).

In essence, the ALJ afforded Dr. Torres's opinion little weight for three reasons: (1) Dr. Torres's opinion provided greater limitations than supported by the objective record evidence and is inconsistent with his records showing normal spinal exam, decreased grip strength of only 4/5, and Plaintiff's own reports of improvement with medication; (2) Dr. Torres's opinion is inconsistent with a January 2020 consultative exam noting only slightly reduced grip strength of 3-4/5 in all extremities, intact hand and finger dexterity, and normal X-rays; and (3) Dr. Torres' opinion did not address Plaintiff's noncompliance with treatment and her vitamin D deficiency. (Tr. 534). These reasons are insufficient.

When considering a medical source's opinion, the ALJ considers certain factors. *Forsyth*, 503 F. App'x at 893. In this case many factors support affording great weight to Dr. Torres's opinion. For example, Dr. Torres treated Plaintiff since

2013, and saw her every three to four months. (Tr. 373, 1563, 1569). And Dr. Torres is a specialist in rheumatology. (Tr. 1121).

The ALJ found Dr. Torres's opinion unsupported because his records showed a normal spinal exam. (Tr. 535). But the ALJ failed to connect a normal spinal exam with the signs and symptoms of Plaintiff's rheumatoid arthritis in her joints, including her hands, wrists, and feet. (*See, e.g.,* Tr. 1122, 1129-30, 1140, 1145 (no pain in spine, but experiencing pain in hands and feet, decreased range of motion, swelling, tenderness)). The ALJ also relied on Plaintiff's occasional mentions that she had some improvement with a change in medications, but did not cite any lasting improvement with any of these medications.

The ALJ also found Dr. Torres's opinion inconsistent with a January 2020 consultative examination that showed a 3-4/5 grip strength, intact hand and finger dexterity, and allegedly normal X-rays. (Tr. 534). While consultative examination Michael Rosenberg, M.D. made findings on grip strength and intact hand and finger dexterity, he did not opine on functional limitations on Plaintiff's ability to work. (Tr. 1220-1229). He also noted that the X-ray of the left hand contained slight defects located at the second metacarpal head. (Tr. 1223). The radiology report indicted a "slight defect in the lateral aspect of the second metacarpal head. It is unlikely that this is an erosion or facture. Clinical correlation is recommended. If there are symptoms involving the second metacarpal head then additional oblique views

would be recommended for further assessment." (Tr. 1228). So the X-rays were not normal, at least as to the left hand.

Importantly, the ALJ afforded little weight to Dr. Torres's opinion because he did not address Plaintiff's noncompliance with treatment, the effect of this noncompliance on her ability to perform work duties, and a vitamin D deficiency. (Tr. 534). Even though Plaintiff may have been noncompliant with medical treatment for medical issues other than rheumatoid arthritis, only one incident related to her rheumatoid arthritis treatment. In January 2018, Plaintiff ran out of her medication for rheumatoid arthritis and, on her next visit, was instructed by Dr. Torres to take her medication consistently. (Tr. 450, 454). Other than this one incident, none of the other noncompliance issues related to her rheumatoid arthritis treatment over the many years Dr. Torres treated Plaintiff. Further, the incidents of non-compliance with medical conditions other than rheumatoid arthritis would not have involved Dr. Torres or his treatment. Plus, the one incident of running out of medication does not amount to overall noncompliance with medical treatment and would not have affected her overall ability to perform work. Thus, the ALJ made no connection between noncompliance with treatment for conditions other than rheumatoid arthritis and Dr. Torres's opinion. Similarly, the ALJ faulted Dr. Torres for not addressing Plaintiff's vitamin D deficiency. (Tr. 534). The ALJ noted that the record showed Plaintiff had a vitamin D deficiency and was treated with

supplements, and that her August 2021 laboratory tests showed normal vitamin D levels, and her levels remained in a normal range. (Tr. 532). In a conclusory manner, the ALJ simply faults Dr. Torres's opinion without providing good cause for this conclusion.

To discount a treating physician's opinion, the opinion must not be bolstered by the evidence, the evidence must support a contrary finding, or the treating physician's opinion must be conclusory or inconsistent with the doctor's own medical records. *Phillips*, 357 F.3d at 1240. Although the ALJ provided some reasons to afford Dr. Torres's opinion little weight, these reasons were insufficient to establish good cause to afford little weight to this opinion. As a result, substantial evidence does not support the ALJ's decision to afford little weight to Dr. Torres's opinion and warrants remand.

### B. RFC Determination

Plaintiff also raises the issue that the ALJ based his RFC determination on inaccuracies. (Doc. 22, p. 36). Because the action is remanded on other grounds that would affect an RFC determination, on remand, the Commissioner is directed to reconsider Plaintiff's RFC.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence

four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Dr. Torres's opinions and Plaintiff's RFC. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2023.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties