UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NHOUPHINH M
XAYMONGKHONH,

     Plaintiff,

v.                                                    Case No.:  8:22-cv-352-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## ORDER

    This cause is before the Court on Plaintiff Nhouphinh Xaymongkhonh's Motion and Amended Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Docs.32, 35).[1] Plaintiff requests that the Court enter an order awarding attorney fees in the amount of $11,275.63 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner filed a Response in Opposition contesting the number of hours spent on preparing the brief. (Doc. 36). For the reasons explained below, the Court finds that Plaintiff's request will be granted.

_____

[1] Based on the filing of an amended motion, the original Motion for an Award of Attorney's Fees (Doc. 32) will be denied as moot.

For Plaintiff to receive an award of fees under EAJA, these five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that the five conditions are met. Therefore, all the conditions for EAJA fees have been satisfied.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests rates of $217.54

for 2021; $234.95 for 2022; and $239.97 for 2023. Without objection by the Commissioner and after careful review, the Court finds these rate reasonable.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff's counsel spent a total of 48 hours in EAJA related representation of Plaintiff before this Court. (Docs. 33-2, 35, p. 1).

The Commissioner objects to the number of hours requested for preparing the brief, claiming they are excessive. (Doc. 36). According to the time records, counsel expended 45.9 hours in researching and drafting the brief. (Doc. 33-2, p. 1-2). While the brief was 39 pages, the Commission asserts that the two issues addressed were not novel, namely whether the ALJ properly considered a treating physician's opinion and whether the ALJ properly determined Plaintiff's residual functional capacity. (Doc. 36, p. 4). The Commissioner also noted counsel's extensive experience in social security cases. (Doc. 36, p. 3). The Commissioner asks that the number of hours for briefing be reduced to 35. (Doc. 36, p. 4).

Plaintiff asserts that this time included a detailed analysis of the medical record, such as understanding the medical effects of the evidence. (Doc. 35, p. 5). Counsel adds that the record was 1669 pages long, with 919 pages of medical

records, which included three opinions from the treating physician and covered almost nine years of records. (Doc. 33, p. 3). Counsel contends that even being an experienced social security attorney, this amount of time was necessary and reasonable to research and draft the brief. (Doc. 35, p. 5).

Although the issues raised were not novel or complex, the transcript was 1669 pages is long with over 900 pages of medical records. Even with Plaintiff's counsel extensive experience in handling Social Security disability cases, the length of the transcript and the medical records justify additional time spent on the brief. *See Vanness v. Comm'r of Soc. Sec.*, No. 5:21-cv-387-PRL, 2023 WL 1861417, at *3 (M.D. Fla. Feb. 9, 2023) (finding additional hours in preparation of brief warranted by unusually long transcript). Further, counsel expended only an additional 2.1 hours in total for the case. In sum, the Court finds the requested fees reasonable. Thus, the Court awards $11,275.63 in attorney fees.

Plaintiff filed an Affidavit and Assignment of EAJA Fee document. (Doc. 34). Plaintiff agreed to assign any entitlement to EAJA fees to her attorney. Rather than ordering fees be paid directly to counsel, the trend appears to be toward leaving the matter to the discretion of the Commissioner. *See Torres v. Kijakazi*, No. 6:20-cv-1471-JRK, 2022 WL 6163063, at *4 (M.D. Fla. Oct. 7, 2022) (collecting cases). The Court will follow this trend.

Accordingly, it is hereby **ORDERED**:

(1)     Plaintiff's Motion for Award of Attorney's Fees (Doc. 32) is **DENIED as moot**.

(2)     Plaintiff's Amended Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 35) is **GRANTED** and fees totaling $11,275.63 are awarded to Plaintiff.

(3)     The Commissioner may exercise her discretion to honor Plaintiff's assignment of fees to counsel if the United States Department of the Treasury determines that Plaintiff owes no federal debt.

(4)     The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on June 21, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties